_____

No. 96-1522
_____

Walter E. Johnston,                    *
                                       *
          Appellant,                   *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  Western District of Missouri.
Togo D. West, Jr., Secretary of        *
the Army,                              *     [UNPUBLISHED]
                                       *
          Appellee.                    *


_____

          Submitted: December 26, 1996

            Filed: January 2, 1997
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Walter E. Johnston appeals from the district court's[1] order
affirming the decision of the Army Board for Correction of Military
Records (the Board) denying his request to upgrade his "other than
honorable" discharge.  In 1985, Johnston enlisted in the United
States Army; he was subsequently charged under the Military Code of
Justice with willful disobedience of a superior officer, and two
specifications of being absent without leave.  On July 22, Johnston
was placed in pretrial confinement and met with his military
counsel.  On July 23, Johnston signed a "request for discharge for
the good of the Service," pursuant to Army Regulation (AR) 635-200,
¶ 10-1(a). On July 31, the general court-martial convening
authority approved the request, and Johnston received an "other

_____

     [1]The Honorable Fernando J. Gaitan, Jr., United States District
Judge for the Western District of Missouri.

than honorable" discharge from the Army.  The Army Discharge Review Board denied Johnston's applications for review on three occasions. In 1989, the Board denied Johnston's application to upgrade his discharge.  In 1995, the district court affirmed the Board's decision, concluding that the Army complied with AR 635-200, ¶ 10-2(a).[2]  Johnston timely appealed, arguing the Army violated its regulations by not affording him at least 72 hours to contemplate his discharge request.  We now affirm.

We review the Board's decision not to take corrective action only to determine whether its decisionmaking process was deficient. Watson v. Arkansas Nat'l Guard, 886 F.2d 1004, 1011 & n.16 (8th Cir. 1989); accord Wolfe v. Marsh, 835 F.2d 354, 356 n.3 (D.C. Cir. 1987), cert. denied, 488 U.S. 942 (1988).  We agree with the district court that the Army afforded Johnston at least 72 hours to consider his discharge request, complying with AR 635-200, ¶ 10-2(a), because he had more than 72 hours to contemplate his discharge request between the consultation with his counsel on July 22, the signing of the request on July 23, the submission of a letter seeking approval of the discharge request on July 26, and the approval of the discharge request on July 31.  Moreover, we note that Johnston admitted in his discharge request that it was voluntary and free of coercion, and that his counsel informed him of the possibility of receiving an "other than honorable" discharge and the military and civilian ramifications of such a discharge. Accordingly, we affirm.

---

[2]AR 635-200, ¶ 10-2(a) provides:  "[A] member will not be coerced into submitting a request for discharge for the good of the Service.  The member will be given a reasonable time (not less than 72 hours) to consult with consulting counsel . . . and to consider the wisdom of submitting such a request for discharge."

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.